**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:14-CV-02078-KMT

CHERYL L. MARKEN, an individual

    Plaintiffs,

        v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a corporation

    Defendant

---

**DEFENDANT'S RULE 702 MOTION TO PRECLUDE TESTIMONY FROM RICHARD LAUGESEN**

---

Defendant American Family Mutual Insurance Company ("American Family") by its attorneys, Campbell, Latiolais & Averbach, LLC, hereby submits the following motion to preclude Plaintiff's bad faith expert, Richard Laugesen, from testifying. As grounds therefore, Defendant states:

**CERTIFICATE OF COMPLIANCE**

Undersigned counsel has attempted to confer with Plaintiff's counsel regarding the relief requested herein. Plaintiff has yet to respond to undersigned counsel's request for conferral. Nevertheless, it is assumed that Plaintiff opposes this motion.

**BACKGROUND**

In the present lawsuit, Plaintiff seeks recovery for alleged smoke damage to her home that was approximately twenty miles north of the Black Canyon Forest Fire. The fire occurred in June of 2013. Two months post fire, Plaintiff, through her Public Adjuster, reported the claim to Defendant. Within five days American Family had an adjuster inspect

the property.  Based on the adjuster's inspection, American Family found no evidence of smoke damage to the home and denied Plaintiff's insurance claim.

Plaintiff has retained Richard Laugesen to opine regarding if American Family's actions or inactions comply with Colorado's common law and statutory bad faith laws. Mr. Laugesen's report is attached as Exhibit A hereto.  Mr. Laugesen's crux opinion, that American Family improperly denied Plaintiff's smoke claim, is based on other experts' opinions, which are not based on reliable principles or methods.  Further, Mr. Laugesen improperly makes opinions based on law.

## MOTION

### I. Mr. Laugesen's Opinions Are Based On Unreliable Opinions Of Other Experts

The crux of Mr. Laugesen's opinion is that American Family improperly denied a covered loss, namely smoke damage to Plaintiff's residence.  He states

> American Family's most egregious conduct was/is its tactic of denying the claim based on claimed disbelief that there was smoke damage to the property to cause its insured to ultimately accept less than was owed or miss the running of the policy's contractual limitation of action.

Exh. A, pg. 8.

However, for this opinion, Mr. Laugesen relies completely on Plaintiff's hygienist expert, Mr. Stephen Cash with Environmental Assessment & Consulting, to determine that smoke actually caused damage to the property.  Specifically, Mr. Laugesen states "[t]he nature, extent, need for remediation and cost of remediation have been determined and documented by experts." Exh. A, pg. 6.  Mr. Laugesen does not make an independent verification if there was actual smoke damage to the property.

In a separate motion, American Family has set out the reasons why Mr. Cash's expert opinions are unreliable and inadmissible.  American Family hereby incorporates the

same arguments there as if set forth herein.  By proxy, Mr. Laugesen's opinion that American Family improperly denied Plaintiff's insurance claim because there was evidence of smoke damage is unreliable, inadmissible expert testimony.

II. **Mr. Laugesen's Opinions on Law are Inadmissible**

Throughout Mr. Laugesen's report he sites and sets forth language from over eight Colorado Statutes. Exh. A, pgs. 5-10.  He cites and sets forth language from over twelve Colorado Court opinions. Id.  Mr. Laugesen sets forth all of this statutory and common law materials for the proposition that American Family's actions violated such law. Id.  Based on this, Defendant has very real concerns that the Plaintiff will offer Mr. Laugesen's *legal opinions* in her case in chief.  As such, American Family files this Motion to challenge the admissibility of Mr. Laugesen's testimony regarding his legal conclusions and opinions on ultimate legal issues.  The Defendant respectfully asserts that such testimony is inadmissible under Colorado law.

Pursuant to F.R.E. 702, an expert witness may not, under any guise, seek to define the law applicable to the lawsuit.  Specifically:

> These cases demonstrate that an expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function.  However, when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed.  In no instance can a witness be permitted to define the law of the case.

*Specht v. Jensen*, 853 F.2d 805, 809-810 (10th Cir. 1988); *see also, Grogan v. Taylor*, 877 P.2d 1374, 1384 (Colo. App. 1993) (it is within the province of the trial court and not the expert witness to tell the jury what the law is).

Indeed, under the Federal Rules of Evidence, expert opinions on ultimate legal issues are generally inadmissible. *Specht v. Jensen,* 853 F.2d at 807-810. It is well settled that "where the ultimate issue is a question of law, the opinion of a legal expert, even a lawyer, interferes with the judge's role as sole arbiter of the law and should not be allowed." *Wollan v. U.S. Dept. of Interior*, 997 F.Supp. 1397, 1403 (D. Colo. 1998).

Moreover, the Defendant respectfully asserts that allowing an expert to render legal conclusions or testify regarding ultimate legal issues would not assist the jury in deciding the case. Rather, such testimony would confuse jurors – a concern discussed by the *Specht* court:

> . . . testimony on ultimate issues of law by the legal expert is inadmissible because it is detrimental to the trial process. If one side is allowed the right to call an attorney to define and apply the law, one can reasonably expect the other side to do the same. Given the proclivity of our brothers and sisters at the bar, it can be expected that both legal experts will differ over the principles applicable to the case. The potential is great that jurors will be confused by these differing opinions, and that confusion may be compounded by different instructions given by the court.

*Id.*

Here, the Plaintiff's bad faith expert has offered legal opinions regarding an ultimate issue of law – namely, American Family's actions or inactions violated bad faith law. Such opinions are improper and inadmissible pursuant to the Federal Rules of Evidence and well-established case law. American Family Mutual Insurance Company accordingly moves to preclude Mr. Laugesen from expressing legal opinions regarding if, in his opinion, if American Family violated bad faith law.

## **CONCLUSION**

For the reasons set forth above, Mr. Laugesen's expert opinions are inadmissible expert testimony. He relies on other expert's opinions, which such opinions are based on unreliable data and methodology. Further, he only offers legal opinions on American Family's actions or inactions. A witness' opinions on legal matters are inadmissible.

WHEREFORE, Defendant respectfully requests the Court to strike Mr. Laugesen's opinions as inadmissible expert testimony.

Dated: July 28, 2015

Respectfully Submitted,


By: */s/ Christian S. Monson*
Colin C. Campbell
Christian S. Monson
CAMPBELL, LATIOLAIS & AVERBACH, LLC
825 Logan Street
Denver, Colorado 80203
303.831.5990
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 28th day of July, 2015, I presented the foregoing NOTICE OF DEPOSITION OF CHERYL MARKEN via electronic mail to the following:

Rick Hull
Hull & Zimmerman
11178 Huron St., Ste. 2
Northglenn, CO 80234
rick@hzinjurylaw.com

scheduling@huntergeist.com
Hunter & Geist Court Reporting

                                        */s/ Christian S. Monson*
                                        *A duly signed original is on file at the Law Offices of CAMPBELL, LATIOLAIS & AVERBACH, LLC*